Hilario ALVAREZ–RUIZ, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 82–7762.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 1984.

Decided Dec. 19, 1984.

Paul D. Edmondson, Yakima, Wash., for petitioner.

Mark C. Walters, Dept. of Justice, Washington, D.C., for respondent.

Before BROWNING, Chief Judge, CANBY, Circuit Judge, and CROCKER\*, District Judge.

PER CURIAM:

The Board of Immigration Appeals (BIA) denied Hilario Alvarez-Ruiz's application for suspension of deportation, on the ground that he failed to satisfy the seven years continuous presence requirement. *See* 8 U.S.C. § 1254(a)(1) (1982).

---

\* Honorable M.D. Crocker, Senior Judge, United States District Court for the Central District of

Alvarez-Ruiz entered the United States from Mexico without inspection in March 1974. He went to Mexico in November 1975 to get married. He returned in May 1976, again without inspection, accompanied by his pregnant wife. He has worked in the forest industry and lived in Wapato, Washington for approximately ten years. He and his wife have six young children, all born in this country.

The INS instituted deportation proceedings in 1981. Alvarez-Ruiz admitted deportability and applied for suspension of deportation. The Immigration Judge refused to suspend deportation, because Alvarez-Ruiz's six-month absence broke the continuity of his seven years physical presence, and because deportation would not create extreme hardship to the alien and his citizen children. The BIA affirmed on the first ground, and did not reach the issue of extreme hardship. Alvarez-Ruiz petitioned for review.

8 U.S.C. § 1254(a)(1) provides that an alien who applies for suspension of deportation is eligible if he "has been physically present in the United States for a continuous period of not less than *seven years immediately preceding the date of such application ....*" (Emphasis added).

■ *INS v. Phinpathya*, —— U.S. ——, ——, 104 S.Ct. 584, 589–93, 78 L.Ed.2d 401 (1984), compels rejection of Alvarez-Ruiz's argument that his six-month visit to Mexico did not break his continuous physical presence in the United States.

■ Alvarez-Ruiz also contends that, counting time accrued on appeal, he has now accumulated the necessary seven years continuous presence since returning from his visit to Mexico. He asks that we direct the BIA to reopen his case and evaluate his claim for suspension of deportation on its merits. Such an order would be inappropriate. We do not know whether Alvarez-Ruiz has been continuously physically present in the United States since his return in 1976; resolution of this factual

California, sitting by designation.

question is for the BIA in the first instance. *Phinpathya,* —— U.S. at —— n. 6, 104 S.Ct. at 588 n. 6. Accordingly, the appropriate procedure is to require the alien to "follow the INS regulations and file a motion to reopen with the BIA." *Ramirez-Gonzalez v. INS,* 695 F.2d 1208, 1214 (9th Cir.1983). *Cf. Wall v. INS,* 722 F.2d 1442, 1444–45 (9th Cir.1984).

Under *Phinpathya*'s standard, we must affirm the Board's order. To avoid unduly interfering with the Board's discretion, and at the same time enable petitioner to seek relief from the Board, we stay our mandate for 60 days and, if a motion for reopening and application for stay are filed with the BIA or District Director within this period, for such further time as is required for disposition of the application for stay by the BIA or District Director. *See* 8 C.F.R. § 3.6(b) (1984); *Valadez-Salas v. INS,* 721 F.2d 251, 253 (8th Cir.1983).

AFFIRMED.