2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco FERNANDEZ-JARAMILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70701.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1993.
Decided July 8, 1993.
 
 Before FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Immigration Judge held that Francisco Fernandez-Jaramillo did not have a well-founded fear of persecution. He also held that Fernandez-Jaramillo was ineligible for asylum because he had resettled in Panama before coming to the United States. The BIA dismissed Fernandez-Jaramillo's appeal.
 
 
 3
 We affirm.
 
 I. IMMIGRATION JUDGE'S CREDIBILITY FINDING
 
 4
 The Immigration Judge found that Fernandez-Jaramillo's testimony was not credible. Fernandez-Jaramillo argues that the court should remand to the BIA to review the Immigration Judge's credibility determination. However, such review is unnecessary, because the BIA assumed the truth of Fernandez-Jaramillo's testimony. Barraza Rivera v. INS, 913 F.2d 1443, 1450 (9th Cir.1990).
 
 
 5
 II. APPLICATION FOR ASYLUM AND WITHHOLDING OF DEPORTATION
 
 
 6
 "An alien seeking asylum under section 208(a) of the Act, 8 U.S.C. Sec. 1158(a), must demonstrate that he ... is unable to return to his country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Castillo v. I.N.S., 951 F.2d 1117, 1121 (9th Cir.1991) (quoting section 101(a)(42)(A), 8 U.S.C. Sec. 1101(a)(42)(A)). The well-founded fear standard has an objective and subjective component:
 
 
 7
 The subjective component requires a showing that the alien's fear is genuine. The objective component 'requires a showing, by credible, direct, and specific evidence in the record of facts that would support a reasonable fear that petitioner faces persecution....'
 
 
 8
 Id. (citations omitted). We review the decision of whether the alien is eligible for asylum for substantial evidence. Id.
 
 
 9
 The BIA found that although Fernandez-Jaramillo is opposed to communism and the government of Cuba, he presented no evidence that the Cuban authorities knew of his political beliefs or sought to persecute him on that basis. The BIA recognized the hardships that Fernandez-Jaramillo suffered after he attempted to leave Cuba in 1980, but held that he had not established that the government imposed those hardships on account of his political opinion or on any other basis enumerated in the Act.
 
 
 10
 Fernandez-Jaramillo argues that the government inferred that he is anti-communist from his attempt to leave Cuba during the Mariel boatlift. He maintains that because his economic troubles began only after he attempted to leave Cuba in 1980, the BIA should have concluded that the government was persecuting him for his political beliefs. Fernandez-Jaramillo's conclusion is not dictated by the evidence.
 
 
 11
 As the BIA noted, Fernandez-Jaramillo's wife and children also attempted to leave Cuba in 1980 and none of them have suffered similar persecution. The treatment of similarly situated family members remaining in Cuba is a relevant factor in assessing Fernandez-Jaramillo's request for asylum and undercuts his claim of a well-founded fear of persecution. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988). The fact that the Cuban government granted Fernandez-Jaramillo a passport further weakens his claim that the government was persecuting him for his political opinion. Id. We must affirm because a reasonable factfinder could conclude that Fernandez-Jaramillo did not have a well-founded fear of persecution. Castillo, 951 F.2d at 1120.
 
 
 12
 An alien applying for withholding of deportation must demonstrate a "clear probability of persecution". INS v. Stevic, 467 U.S. 407, 430 (1984). The standard for withholding of deportation is less generous than the standard for asylum. INS v. Cardoza-Fonseca, 480 U.S. 421, 444 (1986). The BIA properly held that because Fernandez-Jaramillo failed to satisfy the lower burden of proof required for asylum, he necessarily failed to satisfy the stricter burden required for withholding of deportation. See Rodriguez-Rivera, 848 F.2d at 1007.
 
 III. RESETTLEMENT IN PANAMA
 
 13
 An alien who has "firmly resettled" in another country after leaving his homeland is ineligible for asylum in the United States. See 8 C.F.R. Secs. 208.14, 208.15. The Immigration Judge found that Fernandez-Jaramillo was ineligible for asylum because he had resettled in Panama after leaving Cuba.
 
 
 14
 Fernandez-Jaramillo asks that we remand to the BIA to review the Immigration Judge's decision on the resettlement issue. Our review is limited to the BIA's decision. Castillo, 951 F.2d at 1120. The BIA based its decision solely on the ground that Fernandez-Jaramillo did not have a well-founded fear of persecution. It did not rely on the Immigration Judge's alternative holding. Remand on the resettlement issue is thus unwarranted.
 
 IV. SUSPENSION OF DEPORTATION
 
 15
 The Attorney General has the discretion under 8 U.S.C. Sec. 1254(a) (1988), to suspend deportation of an alien if the alien can establish that 1) he has lived in the United States for at least seven years; 2) he has demonstrated good moral character during that time; and 3) deportation would result in extreme hardship. Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1210 (9th Cir.1983). The time that the alien spends in the United States pending appeal counts toward the seven year requirement so long as the alien has not increased the time with baseless appeals. Sida v. INS, 783 F.2d 947, 950 (9th Cir.1986).
 
 
 16
 Fernandez-Jaramillo asks the court to remand to the BIA to consider his eligibility for suspension of deportation. He asserts that he was unable to seek suspension of deportation before the BIA, because he became eligible only after the BIA rendered its decision. There is no evidence that Fernandez-Jaramillo increased his time in the United States with baseless appeals.
 
 
 17
 The BIA must first determine whether Fernandez-Jaramillo has been in the country for seven years. Alvarez-Ruiz v. INS, 749 F.2d 1314, 1315-16 (9th Cir.1984). Remanding to the BIA to make that determination would unduly interfere with the Board's discretion. Id. Fernandez-Jaramillo must "follow the INS regulations and file a motion to reopen with the BIA." Id. (citations omitted). To give Fernandez-Jaramillo an opportunity to file a motion for reopening and application for stay with the BIA or District Director, we stay our mandate for sixty days and, if a motion for reopening and application for stay are filed with the BIA or District Director within this period, for such further time as is required for disposition of the application for stay by the BIA or District Director. See id. (citing 8 C.F.R. Sec. 3.6(b) (1984)).
 
 
 18
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3