53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jaime Leonardo MEJIA-PIEDRAHITA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70787.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1995.*
Decided April 24, 1995.
 
 Before: NORRIS, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jaime Leonardo Mejia-Piedrahita, a native and citizen of Colombia, is a deportable alien pursuant to 8 U.S.C. Sec. 1251(a)(2)(B)(i) for having a conviction "relating to a controlled substance." On Sept. 21, 1989, an Immigration Judge ("IJ") granted Mejia-Piedrahita discretionary relief from deportation pursuant to 8 U.S.C. Sec. 1182(c). The Immigration and Naturalization Service ("INS") appealed the IJ's decision to the Board of Immigration Appeals ("BIA") which reversed and ordered Mejia-Piedrahita deported to Columbia.
 
 
 3
 Mejia-Piedrahita now petitions for review of the BIA's decision. He makes three arguments: 1) the BIA abused its discretion by overturning the IJ's decision to grant him a waiver of deportation, 2) the BIA abused its discretion by finding him an incredible witness, and 3) this court should remand his case to the BIA with orders to reconsider additional evidence or, in the alternative, stay the proceedings for a sufficient time to allow Mejia-Piedrahita to petition the BIA to reopen and reconsider his case.
 
 
 4
 * First, Mejia-Piedrahita argues that the BIA abused its discretion by overturning the IJ's decision to grant him a waiver of deportation. Because Mejia-Piedrahita had been convicted of drug-related offenses, he is required to present evidence of outstanding equities in his favor in order to justify a waiver of deportation. Ayala-Chavez v. INS, 944 F.2d 638, 641-42 (9th Cir.1991). The IJ found that Mejia-Piedrahita had "clearly demonstrated the outstanding and unusual equities needed to qualify him for eligibility for a waiver." ER at 60. The IJ reasoned that Mejia-Piedrahita's residence in the United States since childhood, close family ties in this country, lack of ties to Colombia, and, most importantly, his active process of rehabilitation, outweighed the factors against him, including his criminal history. ER at 60-62.
 
 
 5
 The BIA was authorized to make a de novo review of the record presented to the IJ. Canjura-Flores v. INS, 784 F.2d 885, 888 (9th Cir.1985). In its review, the BIA concluded that a discretionary waiver of deportation was not warranted. Primarily, it rejected the IJ's conclusion that Mejia-Piedrahita was well on the road to rehabilitation, citing instead his convictions for battery and possession of PCP after his deportation proceedings began, and alleged misstatements he made relating to his criminal record during those proceedings. ER at 4. The BIA reasoned that Mejia-Piedrahita's "continued violent and drug-related criminal misconduct, while in the midst of deportation proceedings, and his lack of candor during the proceedings bespeak a lack of rehabilitation, and they indicate that he is not as removed from abusing drugs and visiting violence upon others as he would have us believe." Id.
 
 
 6
 We review a decision by the BIA to deny discretionary relief for an abuse of discretion. Charlesworth v. INS, 966 F.2d 1323, 1325 (9th Cir.1992); Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (citations omitted). Mejia-Piedrahita argues that the BIA misunderstood the chronology of his rehabilitation process. He notes that the convictions to which the BIA referred were based on criminal conduct which occurred before he was enrolled in an intensive substance abuse program. He argues, therefore, that the BIA's rejection of the IJ's determination "was erroneous, and possibly based upon a misinterpretation of the evidence." Moreover, he argues that the BIA minimized the extent of true hardships he and his family would incur if he were to be deported, particularly those suffered by his citizen daughter.
 
 
 7
 The INS counters that there is no evidence in the record that the BIA misunderstood the chronology of events in Mejia-Piedrahita's life and that the BIA was acting well within its discretion in determining that his criminal conduct outweighed the factors in favor of a waiver of deportation. We agree. The BIA was entirely free to re-weigh the evidence presented to the IJ as its review was de novo. That the BIA disagreed with the IJ's conclusions is of little consequence. Two inconsistent interpretations of the relevant facts do not necessarily imply an abuse of discretion on the part of either of the decisionmakers. See, e.g., Consolo v. FMC, 383 U.S. 607, 620 (1966) ("the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence").
 
 
 8
 The BIA reasoned that Mejia-Piedrahita's recent criminal convictions did not demonstrate a serious attempt at rehabilitation, notwithstanding the numerous letters and affidavits submitted on his behalf. ER at 4. The BIA, therefore, adequately supported its decision to deny a waiver of deportation with "a reasoned explanation based upon legitimate concerns," and thus did not abuse its discretion. Charlesworth, 966 F.2d at 1325 (citations omitted).
 
 II
 
 9
 Second, Mejia-Piedrahita argues that the BIA erred in finding him an incredible witness. The IJ implicitly found that Mejia-Piedrahita was a credible witness, as she afforded his testimony regarding his rehabilitation serious weight. Though an IJ's assessment of credibility is often given substantial weight (see, e.g., Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990), Estrada v. INS, 775 F.2d 1018, 1021 (9th Cir.1985)), under these circumstances, the BIA had the right to conduct a de novo review of the IJ's credibility determinations. Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986) (citation omitted). Troubled by its perception that his testimony to the IJ "lack[ed] candor," the BIA decided that Mejia-Piedrahita attempted to mislead the court about a number of aspects of his criminal record.
 
 
 10
 Mejia-Piedrahita argues that a thorough review of the record does not reveal that he was intending to deceive the IJ about his criminal history. The INS, in turn, argues that the BIA's interpretation of Mejia-Piedrahita's testimony is supported by the facts. Specifically, the INS points to three places in the record where, it claims Mejia-Piedrahita "was less than forthright about the facts of the case" due to his inconsistent statements or somewhat evasive answers. We conclude that the BIA's interpretation of Mejia-Piedrahita's testimony was sufficiently supported by the record that it did not constitute an abuse of discretion.
 
 III
 
 11
 Third, Mejia-Piedrahita argues that we should remand the case under 28 U.S.C. Sec. 2347(c) for the purpose of allowing him to submit additional evidence in his application for a waiver of deportation. Mejia-Piedrahita could have petitioned the BIA to reopen and reconsider his case under 8 C.F.R. Secs. 3.2, 3.8(a). Butros v. INS, 990 F.2d 1142, 1145 (9th Cir.1994) (en banc). When immigration regulations provide for the reopening of deportation hearings, we have declined to compel the BIA to reopen an alien's deportation hearing with orders to consider additional evidence. Alvarez-Ruiz v. INS, 749 F.2d 1314, 1315-16 (9th Cir.1984); Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213 (9th Cir.1983). We similarly decline to compel the BIA in this case.
 
 
 12
 Alternatively, Mejia-Piedrahita requests a stay of this mandate for a reasonable time to enable him to file a motion to the BIA to reopen his case. We agree that our precedent allows for such discretionary action. See, e.g., Berroteran-Melendez v. INS, 955 F.2d 1251, 1254-55 (9th Cir.1992) (staying mandate to allow petitioner to seek stay of deportation from BIA pending BIA's resolution of motion to reopen); Alvarez-Ruiz, 749 F.2d at 1316 (staying mandate to allow petitioner to file motion to reopen and application for stay of deportation with BIA). To avoid unduly interfering with the BIA's discretion, and at the same time enable Mejia-Piedrahita to seek relief from the BIA, we hereby stay our mandate for 60 days, and if a motion for reopening and application for stay is filed within this period, for such further time as is required for the BIA to dispose of the application for stay. Alvarez-Ruiz, 749 F.2d at 1316.
 
 
 13
 The petition for review is DENIED. The mandate is STAYED for 60 days following the filing of this disposition. If petitioner files a petition for reopening and an application for stay within 60 days, the mandate shall be stayed for such further time as is required to dispose of the application for stay.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3