79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amrit Pal SINGH, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-70238.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1995.
Decided March 11, 1996.
 
 MEMORANDUM*
 Before: WRIGHT, ALARCON, and CANBY, Circuit Judges.
 
 I.
 
 1
 The parties are familiar with the facts and procedural history of this case and we will not repeat them here. Amrit Pal Singh argues that the Board of Immigration Appeals (BIA) abused its discretion by denying his motion to reopen proceedings for an adjustment of status. He also argues that he qualifies for suspension of deportation because he now has accumulated far more than the seven years presence with good moral character required by 8 U.S.C. § 1254(a)(1). He had not done so at the time an immigration judge (IJ) denied his original application for such relief. For the reasons set forth below we deny Singh's petition.
 
 II.
 
 2
 We review the BIA's discretionary denial of Singh's motion to reopen for adjustment of status under an abuse-of-discretion standard. As the Supreme Court has held in regard to motions to reopen "in cases in which the ultimate grant of relief is discretionary," such as adjustment of status,
 
 
 3
 the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief. We have consistently held that denials on this ... ground are subject to an abuse-of-discretion standard.
 
 
 4
 INS v. Abudu, 485 U.S. 94, 105 (1988). See also Delmundo v. INS, 43 F.3d 436, 439 (9th Cir.1994). Likewise, in Jen Hung Ng, 804 F.2d 534, 538 (9th Cir.1986), this court held that the BIA "has discretion to deny a motion to reopen for adjustment of status ... without considering whether a prima facie case of statutory eligibility has been shown if the BIA would deny the ultimate application for relief as a matter of discretion."
 
 
 5
 In this case, the BIA denied Singh's motion to reopen for discretionary reasons. The Board noted that, in Singh's favor, he had been married to a United States citizen for several years, and his family would suffer "some hardship" if he were required to leave the United States and apply for a visa. On the other hand, the Board noted that Singh had overstayed his visitor's visa and had worked without authorization. "Most significantly," the Board stated, Singh had entered into a sham marriage and lied under oath to INS officials regarding that marriage to obtain an immigrant visa.
 
 
 6
 We conclude that the BIA did not abuse its discretion in denying Singh's motion to reopen for adjustment of status. The BIA weighed both "favorable and unfavorable factors." Mattis v. United States I.N.S., 774 F.2d 965, 968 (9th Cir.1985). Even substantial equities such as marriage to a United States citizen can be outweighed by the unfavorable factor of having violated immigration laws. See Vasquez v. I.N.S., 767 F.2d 598, 600-01 (9th Cir.1985); Ahwazi v. I.N.S., 751 F.2d 1120, 1123 (9th Cir.1985). Because the BIA did not abuse its discretion, we deny Singh's petition for review of the BIA's denial of his motion to reopen for adjustment of status.
 
 III.
 
 7
 In August 1989, an IJ determined that Singh was not entitled to a suspension of deportation under 8 U.S.C. § 1254(a)(1) because, due to his sham marriage and perjury regarding that marriage, he could not establish that he was of good moral character for the seven years preceding his application for suspension of deportation. The IJ also decided that Singh did not demonstrate that his deportation would result in extreme hardship. Finally, the IJ denied Singh a suspension of deportation on discretionary grounds because of his sham marriage and related perjury. In March 1991, the BIA affirmed the IJ's denial of relief. A motion to reopen was denied in April 1992.
 
 
 8
 Singh argues that, because his violation of immigration laws took place over seven years ago, and he has had several more years to develop relationships with his wife and stepdaughters, the BIA should reconsider whether Singh qualifies for a suspension of deportation under 8 U.S.C. § 1254(a)(1). Singh contends that he has now accumulated seven years of presence in the United States as a person of good moral character, and that his deportation would result in extreme hardship to himself and his wife and stepdaughters.
 
 
 9
 The problem with Singh's argument is that the BIA has not had an opportunity to decide whether Singh is statutorily eligible for a suspension of deportation based on the time he spent in the United States after his initial application for such relief was denied. While time spent appealing a denial of an application for suspension of deportation may be credited toward the required seven years, the BIA must decide in the first instance whether the petitioner has accrued the seven years. Jara-Navarrete v. I.N.S., 813 F.2d 1340, 1344 n. 2 (9th Cir.1986); Sida v. I.N.S., 783 F.2d 947, 950 (9th Cir.1986); Alvarez-Ruiz v. I.N.S., 749 F.2d 1314, 1315-16 (9th Cir.1984) (court of appeals cannot direct the BIA to reopen petitioner's case and take into account time accrued on appeal; petitioner must file a motion to reopen with the BIA). Singh has never argued to the BIA that, if the time after the IJ originally denied his application for suspension of deportation is credited, he has accrued seven years of continuous physical presence in the United States with good behavior.
 
 
 10
 Because Singh never submitted a statement of changed circumstances to the BIA, the BIA had discretion to consider only Singh's circumstances at the time of the deportation hearing when it reviewed the IJ's denial of his application for suspension of deportation. Alvarez-Madrigal v. I.N.S., 808 F.2d 705, 707 (9th Cir.1987). If Singh wants the BIA to reconsider the IJ's denial in light of the time he has spent in the United States since his application was denied, he must file a motion with the BIA to reopen on the basis of changed circumstances. Only if and when the BIA denies the motion can we review the BIA's decision. To enable Singh to file such a motion with the BIA, we stay our mandate for 60 days, and, if Singh files a motion with the BIA, for such further time as is required for disposition of the motion by the BIA. See Alvarez-Ruiz, 749 F.2d at 1316.
 
 
 11
 PETITION DENIED; MANDATE STAYED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3