83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rafael TADEO, Jr.; Julieta Lambino Tadeo; Roxanne Camille
Tadeo; Jennifer Ann Lambino Tadeo, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70643.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided April 26, 1996.
 
 Before: THOMPSON, KLEINFELD and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rafael Tadeo, Jr., Julieta Lambino Tadeo, Roxanne Camille Tadeo, and Jennifer Ann Lambino Tadeo petition for review of the decision of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ) denial of their applications for asylum and withholding of deportation. The Tadeos have also moved to hold these appellate proceedings in abeyance pending the BIA's consideration of the Tadeos' motion to reopen, filed after the filing of their petition for review with this court. We have jurisdiction under section 106(a) of the Immigration and Naturalization Act, 8 U.S.C. § 1105(a), and we deny review.
 
 
 3
 Rafael Tadeo, Jr. is the principal asylum applicant in that the claims of the entire Tadeo family rest on the possibility of persecution for Rafael Tadeo, Jr.'s political activity. We will discuss Rafael Tadeo, Jr.'s claim individually, but our conclusions apply to the claims of all of the applicants of the Tadeo family.
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Ramos-Vasquez v. I.N.S., 57 F.3d 857, 861 (9th Cir.1995). With regard to the sufficiency of factual findings underlying the decision, the BIA's decision will be upheld if supported by substantial evidence. Ghaly v. I.N.S., 58 F.3d 1425, 1429 (9th Cir.1995). The BIA's decision to deny withholding of deportation is also reviewed for substantial evidence. Berroteran-Melendez v. I.N.S., 955 F.2d 1251, 1255 (9th Cir.1992). Under the substantial evidence standard, we affirm unless the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 5
 To be eligible for asylum, an alien bears the burden of demonstrating through credible, direct, and specific evidence that he has a well-founded fear of persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion should he return to his native country. Berroteran-Melendez, 955 F.2d at 1255-56; 8 U.S.C. § 1101(a)(42)(A). For withholding of deportation, the alien must meet a more exacting standard and establish a "clear probability of persecution." I.N.S. v. Stevic, 467 U.S. 407, 430 (1984).
 
 
 6
 The BIA determined that Tadeo has no well-founded fear of persecution on the basis of political opinion should he be deported to the Philippines. The record indicates that Tadeo is an admitted leader and organizer of the Reform Movement of the Armed Forces of the Philippines (RAM). Originally an anti-Marcos group within the Filipino military which helped to overthrow the Marcos regime, RAM eventually found itself at odds with the government of Corazon Aquino and its successors. Instead of engaging in peaceful dissent and political debate, RAM unsuccessfully attempted to overthrow the Aquino government in August 1987.
 
 
 7
 Tadeo denies participating in the planning of the coup, but admits to being present at the secret RAM headquarters during the coup along with other senior RAM leaders. He also admits to his continuing service as a "prominent" leader in RAM since the coup.
 
 
 8
 Substantial evidence supports the BIA's determination that Tadeo has no well-founded fear of persecution. Tadeo fears investigation, arrest and prosecution by the Filipino government as a result of probable charges of criminal activity, not because of his political opinion. Generally, prosecution for criminal conduct is not equal to persecution. Chanco v. I.N.S., No. 94-70738 --- F.3d ---- (9th Cir.1996).
 
 
 9
 Tadeo contends the BIA erroneously interpreted the evidence by giving weight to Filipino intelligence reports linking him to the attempted coup. He argues the reports were fabricated and should be ignored. We intimate no opinion on whether Tadeo is guilty of any of the charges which he fears may be brought against him, as neither we nor the BIA has jurisdiction to adjudicate whether Tadeo is guilty of them. The BIA's statement that Tadeo "is justly linked to terrorist activities" merely reflects its view of the case based on the limited evidence before it. If Tadeo is charged upon his return, it will be for the Philippine courts to adjudicate any charges.
 
 
 10
 Substantial evidence supports the BIA's determination that Tadeo fears prosecution for criminal activity and not persecution for political opinion. Moreover, the record does not show that if Tadeo is investigated, arrested, or prosecuted, he will receive anything less than a fair trial, or be subjected to unwarranted punishment. See Abedini, 971 F.2d at 191. The United States Department of State's Country Reports on Human Rights Practices indicates that criminal trials in the Philippines are generally fair and the defendant has rights similar to those of defendants in the United States, including the presumption of innocence, the right to counsel, and the right to present and confront witnesses. See U.S. Dep't of State, Country Reports on Human Rights Practices for 1989 950-68 (1990). The record also indicates that other RAM members have been arrested and tried fairly for their crimes.
 
 
 11
 Tadeo argues the BIA erred in refusing to give adequate weight to evidence showing a RAM member was shot trying to escape prison. Tadeo contends this incident shows that he too may fall victim to a similar fate should he be arrested in the Philippines. The record does not support Tadeo's speculation. Evidence in the record that other RAM members have successfully escaped from prison supports the inference that the RAM member Tadeo referred to really was trying to escape, so "shot while trying to escape" was not a euphemism for official murder.
 
 
 12
 Tadeo also contends he may likely be investigated upon his return for his involvement in the raid at the home of a witness to the murder of Benigno Aquino, the slain husband of Corazon Aquino. Tadeo testified that when he was still a military officer the government "set him up" by ordering him to raid the witness' house under the pretext of disbanding a car theft ring. But Tadeo admits involvement in the raid, and if his actions were improper or unlawful an investigation would not amount to persecution. Furthermore, the evidence showed that the raid occurred in December 1987 and Tadeo remained in the Philippines until October 1988, during which time the government conducted an investigation yet never attempted to arrest Tadeo.
 
 
 13
 We conclude substantial evidence supports the BIA's determination that Tadeo is not eligible for asylum. Tadeo's failure to establish a well-founded fear of persecution is necessarily a failure to meet the higher burden of proof required to show a clear probability of persecution for withholding of deportation.
 
 
 14
 We have, on occasion, agreed to hold appellate proceedings in abeyance pending resolution of an alien's motion to reopen before the BIA. See Sida v. I.N.S., 783 F.2d 947, 950-51 (9th Cir.1986); Alvarez-Ruiz v. I.N.S., 749 F.2d 1314, 1316 (9th Cir.1984). However, we have also held that holding appellate proceedings in abeyance for an indefinite period of time, which has the effect of staying the alien's ordered deportation, inappropriately interferes with the BIA's discretion to grant or deny stays of deportation. Berroteran-Melendez, 955 F.2d at 1255. Stays in these circumstances are purely a matter of judicial discretion. Id. at 1254. The more appropriate procedure is for the alien to file a motion with the BIA for a stay of deportation.
 
 
 15
 In the circumstances of this case, we decline to hold appellate proceedings in prolonged abeyance. However, we will stay our mandate for thirty days to allow Tadeo to move for a stay of deportation before the BIA.
 
 
 16
 AFFIRMED. Mandate STAYED for thirty days from the date of filing this memorandum disposition.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3