89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hamadi JAMALI; Fatiha Jamali, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70844.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided June 10, 1996.
 
 1
 Before: BROWNING and NOONAN, Circuit Judges, and MERHIGE,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Hamadi Jamali and his wife Fatiha[1] petition for review of a BIA decision dismissing their appeal from an immigration judge's denial of their requests for asylum and withholding of deportation. We deny the petition, but stay the mandate for 60 days to allow Jamali to move to reopen the proceedings and file an application for suspension of deportation with the Board or District Director. Jamali appears to have an especially strong case for suspension of deportation because of the health condition and medical needs of his minor child, a citizen of the United States.
 
 
 4
 For the reasons stated by the Board, we conclude Jamali did not establish a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion to support his claim of asylum. 8 U.S.C. §§ 1101(a)(42), 1158(a). Jamali argues that the immigration judge and the Board erred by failing to take into account the severe hardship his U.S.-born, hemophiliac son may suffer if Jamali is forced to return to Morocco. Jamali's reliance on Casem v. INS, 8 F.3d 700 (9th Cir.1993), however, is misplaced. Casem involved interpretation of 8 U.S.C. § 1251(a)(1)(H), which "allows the Attorney General at her discretion to waive deportation of an alien who gained entry or a visa through fraud or misrepresentation if that alien is a 'spouse, parent, son, or daughter' of a citizen or alien admitted for permanent residence." Casem, 8 F.3d at 701; 8 U.S.C. § 1251(a)(1)(H). Thus, a discretionary waiver of deportation was available in Casem.[2] No such discretion exists in the asylum context. Hardship to Jamali's son is not relevant to whether Jamali can establish a-well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Only if an alien establishes a well-found fear of persecution on account of an enumerated characteristic may the Board exercise its discretion to grant or deny asylum. See Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (Attorney General has discretion to grant an alien asylum if the alien is a refugee).
 
 
 5
 Because Jamali has failed to establish a well-founded fear of persecution, it follows that he "cannot meet the higher burden of establishing a clear probability of persecution" to obtain mandatory withholding of deportation. Cuadras v. INS, 910 F.2d 567, 572 (9th Cir.1990). The petition for review is therefore DENIED.
 
 
 6
 Jamali claims that while his case has been pending appeal, both he and his wife have achieved the seven years of continuous presence in the U.S. required for suspension of deportation. 8 U.S.C. § 1254(a). Jamali asks that we remand the matter to the Board to allow him to move to reopen the proceedings and file an application for suspension of deportation.
 
 
 7
 The time an alien spends in the U.S. pending appeal may count toward the seven-year requirement. See Sida v. INS, 783 F.2d 947, 950 (9th Cir.1986). If Jamali indeed has achieved seven years of continuous presence in the U.S., he has a strong claim for suspension of deportation, for there is little doubt his U.S.-born son would receive remarkedly inferior treatment for hemophilia in Morocco. However, whether Jamali has been in the U.S. for seven years is a factual question for the Board in the first instance. Alvarez-Ruiz v. INS, 749 F.2d 1314, 1315-16 (9th Cir.1984). Moreover, the Board is vested with discretion to determine when a hearing should be reopened, Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985), and whether to grant a stay of deportation pending its ruling on a motion to reopen. 8 C.F.R. § 3.8(a). Remanding to the Board to make these determinations would unduly interfere with the Board's discretion. See Alvarez-Ruiz, 749 F.2d at 1316. Instead, "the appropriate procedure is to require the alien to 'follow the INS regulations and file a motion to reopen with the BIA.' " Id. at 1316 (quoting Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1214 (9th Cir.1983)).
 
 
 8
 To allow Jamali to seek relief from the Board, we stay the mandate in this case for 60 days. See Alvarez-Ruiz, 749 F.2d at 1316. If Jamali files a motion to reopen and an application for stay of deportation with the Board or District Director within 60 days, the mandate will be stayed until the application for a stay of deportation is evaluated by the Board or District Director. Id.
 
 
 9
 DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fatiha Jamali makes no independent claims of asylum or withholding of deportation. Her claims are derivative to her husband's. See 8 U.S.C. § 1158(c)
 
 
 [2]
 In determining that the Board must consider hardship to a U.S.-born child when deciding whether to grant a section 1251(a)(1)(H) waiver, the Casem court analogized to section 1254(a)(1), regarding suspension of deportation. Casem, 8 F.3d at 702. Jamali was not eligible for suspension of deportation at the time the application for asylum was filed. Thus, section 1254(a)(1) is also of no avail to him