94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kedir Mohammed TEMAM, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70635.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided Aug. 15, 1996.
 
 Before: FLETCHER, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kedir Mohammed Temam, a native and citizen of Ethiopia, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying his application for asylum and withholding of deportation. We have jurisdiction, 8 U.S.C. § 1105a(a), and we stay Temam's petition for review pending the BIA's disposition of Temam's motion to reopen.
 
 
 3
 * Temam left Ethiopia in May 1989 and entered the United States on a temporary visa in June 1989. Two months later, Temam applied for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). Temam presented testimonial, documentary, and physical evidence that from 1975 to 1989 the Communist government of Ethiopia repeatedly imprisoned and tortured him for his political beliefs and activities.[1] In March 1990, the IJ denied Temam's application on credibility grounds. On September 12, 1994, the BIA affirmed the IJ's decision. On October 7, 1994, Temam petitioned for review of the BIA's decision.
 
 
 4
 However, the history of this case does not end here. After arriving in the United States, Temam married Iris Thomas Temam, a United States citizen, and is the sole support for her and her two children. On September 9, 1994, three days before the BIA's decision, the Immigration and Naturalization Service ("INS") issued to Iris Temam for the benefit of Kedir Temam a Notice of Approval of Relative Immigrant Visa Petition. This Notice gave "no assurance that [Temam] will automatically be found eligible for ... adjustment to lawful permanent resident status." Temam sent the BIA a copy of this Notice with his Motion to Hold Case in Abeyance Based on Approved Spousal Immigrant Visa Petition, but the BIA did not receive the Notice until September 13, 1994, the day after its decision.
 
 
 5
 On October 26, 1994, Temam filed a motion asking the BIA to reopen and reconsider his case in light of this new information. The BIA may at its discretion grant a motion to reopen where, as here, "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 3.2. As of November 27, 1995, the INS had not filed a response to Temam's motion to reopen,[2] so it is unopposed. See 8 C.F.R. § 3.23 ("A motion [to reopen] shall be deemed unopposed unless timely response is made."). As of December 8, 1995, the BIA had not yet ruled on Temam's motion to reopen.[3]
 
 II
 
 6
 We may stay a petition for review pending the BIA's disposition of a motion to reopen. See Wall v. INS, 722 F.2d 1442, 1443 (9th Cir.1984) (staying resolution of the merits of the petition); Alvarez-Ruiz v. INS, 749 F.2d 1314, 1316 (9th Cir.1984) (ruling on the merits, but staying the mandate); cf. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992) (declining "in the factual context of [the] case" to stay the petition); see also Lozada v. INS, 857 F.2d 10, 12 (1st Cir.1988) (hearing oral argument, but staying resolution of the merits).
 
 
 7
 This is one of those cases where common sense suggests that we should exercise our discretion to grant a stay. Temam's motion to reopen presents material facts not yet considered by the BIA that have a high likelihood of producing favorable relief for petitioner: his marriage to a United States citizen, and the Notice of Approval of Relative Immigrant Visa Petition issued by the INS. This would moot the issues raised by Temam in his petition for review.
 
 
 8
 Accordingly, Temam's petition for review is stayed pending the BIA's disposition of Temam's motion to reopen.
 
 
 9
 This panel retains jurisdiction of this petition for review and directs the parties to apprise the court of the BIA's disposition of the petition to reopen.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This evidence included the written declaration of Getachew Gesit that Temam and Gesit spent three years together as political prisoners, and a medical report that Temam had scars on his feet "due to wounds suffered in apparent torture."
 
 
 [2]
 At our request, the parties submitted supplemental briefs on November 27, 1995, advising us of any changes in Temam's status resulting from his petition to reopen or otherwise
 
 
 [3]
 We heard oral argument on Temam's petition for review on this day. At oral argument, counsel for the INS stated that to his knowledge the BIA was not waiting for this court to dispose of Temam's petition for review