**Pedro Efrain RAMIREZ–GONZALEZ & Martha Ardon De Ramirez, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 81–7449.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 1982.

Decided Jan. 7, 1983.

---

Mathew Millen, Compton, Cal., for petitioners.

Katherine V. Tooks, Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before CHAMBERS and CHOY, Circuit Judges, and EAST,* District Judge.

EAST, Senior District Judge:

Petitioners Pedro Efrain Ramirez-Gonzalez and his wife Martha Ardon de Ramirez appeal the Board of Immigration Appeals' (BIA) denial of Mr. Ramirez's application for suspension of deportation. We note jurisdiction and deny the petition for review.

## I. FACTS

Mr. and Mrs. Ramirez, natives and citizens of Guatemala, were arrested by the Immigration and Naturalization Service (INS) for violations of immigration laws. Mr. Ramirez was charged with having entered the country illegally in August 1970 without inspection. Mrs. Ramirez was charged with having entered the country illegally in November 1974 without a valid visa or valid entry document. Both Mr. and Mrs. Ramirez admitted the charges filed against them and conceded deportability.

Mr. Ramirez then applied for suspension of deportation under § 244(a)(1). This section grants the Attorney General discretion to suspend deportation of an alien if the alien can establish (1) a seven-year residence in the United States; (2) good moral character during that time; and (3) that deportation would result in extreme hardship to the alien or the alien's spouse, parents or child who is a citizen or permanent resident of the United States. Mr. Ramirez's satisfaction of the seven-year residency and good moral character requirements are conceded; only his establishment of extreme hardship is in dispute. Mr. Ramirez attempted to establish extreme hardship by claiming that (1) he would have difficulty finding employment in Guatemala; (2) he and his family would be separated from close relatives residing in the United States; (3) his five children, the youngest of whom is a United States citizen, would have difficulty adjusting to Guatemala because they have become accustomed to life in the United States; and (4) life for him and his family would be difficult in Guatemala because of the political problems existing there.

After a hearing, an immigration judge denied Mr. Ramirez's application for suspension, finding that he failed to show extreme hardship. The immigration judge found that Mr. Ramirez had not established that he would have any difficulty obtaining employment and that Mr. Ramirez's three-year-old child, who is a United States citizen, was of such a tender age that she would not suffer much economically or oth-

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

erwise if sent to Guatemala. The judge concluded that the only hardship resulting from deportation would be an economic hardship, which is insufficient to establish the extreme hardship required under § 244(a)(1) of the Act.

The immigration judge also concluded that Mr. Ramirez's application for relief should be denied on the alternative ground that Mr. Ramirez had failed to establish that he was entitled to relief as a matter of administrative discretion. Even when eligibility for suspension of deportation under § 244(a)(1) of the Act has been demonstrated, the BIA still possesses the discretion to grant or deny relief. The judge based his conclusion on his finding that Mr. Ramirez had received welfare assistance, food stamps, and medical aid for a one-year period during his residence in the United States.

The BIA, in a per curiam order, affirmed the immigration judge's denial of relief. The BIA agreed that Mr. Ramirez failed to establish extreme hardship, and also agreed that he failed to demonstrate his entitlement to the favorable exercise of administrative discretion. This appeal followed.

## II. ALLEGED ERRORS DURING HEARING AND IN DECISION

Petitioners first allege that the immigration judge and the BIA committed errors which require a remand. Specifically, petitioners claim: (1) that the BIA abused its discretion in making its extreme-hardship determination by failing to consider several relevant facts and by considering irrelevant factors; (2) that the immigration judge failed to advise them of their right to seek withholding of deportation on political persecution grounds; and (3) that the BIA failed to state in its decision any reasons for its conclusion that Mr. Ramirez's citizen child would not suffer extreme hardship.

■ Section 244(a)(1) of the Act grants the Attorney General the discretion to suspend deportation of certain deportable aliens. The exercise of his discretion, however, may not be arbitrary, irrational or contrary to law. *Santana-Figueroa v. INS,*

644 F.2d 1354, 1355 (9th Cir.1981). This discretion cannot be properly exercised unless the specific circumstances of a hardship claim are considered. "When important aspects of the individual claim are distorted or disregarded, denial of relief is arbitrary . . . [and] we must remand such cases for proper consideration." *Id.* at 1356. Petitioners allege that the BIA abused its discretion in making its extreme hardship determination by failing to consider several relevant factors: (1) the hardship that results from the separation of close family ties; (2) the personal hardship that flows from economic detriment; and (3) the hardship that results from the political turmoil in Guatemala.

■ The breakup of family ties is a relevant factor to consider in determining hardship. *Mejia-Carrillo v. INS,* 656 F.2d 520, 522 (9th Cir.1981). Neither the BIA nor the immigration judge discussed the hardship that would result from the separation of Mr. Ramirez or his citizen child from their relatives in the United States. The BIA thus erred by failing to consider and address this claimed hardship. However, we believe the error is harmless. The record shows that at the time of the deportation hearing, Mr. Ramirez's parents and one sister were living in Guatemala. Deportation will reunite Mr. Ramirez with his parents. Moreover, Mr. Ramirez's citizen child would probably have the closest ties to her parents, brothers, and sisters; these ties will remain if her father and the rest of the family are deported.

■ Although economic detriment, without more, does not amount to extreme hardship, the personal hardships that flow from the economic detriment may be a relevant factor for the BIA to consider in determining extreme hardship. *Santana-Figueroa v. INS,* 644 F.2d at 1356–57. The BIA found that Mr. Ramirez failed to establish that he would be unable to find a job in Guatemala. Mr. Ramirez's testimony and unsupported allegations are insufficient to establish his inability to find employment if returned to Guatemala. He thus failed

to demonstrate the severe economic detriment necessary to trigger the BIA's consideration of the personal hardships that he claims. Therefore, the BIA cannot be faulted for failing to consider the personal hardships that are claimed to flow from the alleged economic detriment.

■ Mr. Ramirez next contends that the BIA failed to consider the hardships that result from the political instability in Guatemala. However, Mr. Ramirez did not raise the claim, nor produce any evidence to support it before the immigration judge or the BIA. Therefore, the BIA did not err by failing to consider this claimed hardship.

■ Mr. Ramirez also argues that the BIA abused its discretion in determining his hardship claim by improperly considering his prior dependence on welfare, his inability to maintain a job with the same employer, and the illegal manner in which he brought four of his children into the country. However, the immigration judge considered Mr. Ramirez's receipt of welfare and the BIA considered the illegal manner in which his children were brought into the country, not in determining extreme hardship, but in determining whether Mr. Ramirez was entitled to relief as a matter of administrative discretion. For these purposes, the consideration of these factors is proper. *Wong v. INS,* 550 F.2d 521, 524 (9th Cir.1977).

■ Petitioners next contend that the immigration judge's failure to inform them of their right to seek withholding of deportation on a political persecution ground under 8 U.S.C. § 1253(h) requires this court to remand the case to allow them to apply for such relief. Petitioners rely on 8 C.F.R. § 242.17(a) and (c).

Petitioners' reliance on § 242.17(a) is misplaced. This section provides that the special inquiry officer shall inform aliens of

their *apparent* eligibility to apply for certain relief from deportation and afford them an opportunity to make an application for such relief. Petitioners did not meaningfully raise the issue before the immigration judge; thus, it was not "apparent" from the petitioners' testimony or evidence that they might be eligible for such relief. Therefore, the judge had no duty to advise them of the availability of such relief. *United States v. Barraza-Leon,* 575 F.2d 218, 222 (9th Cir.1978).

Petitioners' reliance on § 242.17(c) is also misplaced. This section provides that after an alien designates a country to which he or she prefers to be deported, the special inquiry officer will specify another country for deportation purposes should the designated country be unwilling to accept the alien.[1] The officer must then inform the alien that he or she may apply for withholding of deportation to the country specified by the officer on political persecution grounds. We read the officer's duty established by this regulation to go to only the country specified by the officer, not to the country voluntarily designated by the alien. Petitioners voluntarily requested (*i.e.,* designated) Guatemala as their country of deportation. Moreover, we find nothing in the record to suggest that petitioners feared that they would be persecuted because of their political beliefs.

■ Petitioners also claim that the BIA failed to state any reasons for its conclusion that the citizen child would not suffer extreme hardship. The BIA's regulation requires that whenever an application for suspension of deportation is denied, the applicant shall be given written notice setting forth the specific reasons for the denial. 8 C.F.R. § 103.3(a). Mr. Ramirez argues that since the BIA failed to state any reasons regarding his citizen child's hardship, the

---

1. Section 242.17(c) states that the respondent (*i.e.,* the alien) shall *designate* a country to which his deportation will be directed.

   The special inquiry officer shall then *specify* ... the country ... to which respondent's deportation will be directed ... if the country of his *designation* will not accept him into

its territory ... The respondent shall be advised that ... he may apply for temporary withholding of deportation to the country or countries *specified by the special inquiry officer* ....

(Emphasis supplied).

case must be remanded. *See Perez v. INS,* 643 F.2d 640, 641 (9th Cir.1981). We find no merit in this claim. The immigration judge found that Mr. Ramirez's citizen child was of such tender age that she would not suffer much economically or have other difficulties if she went to Guatemala. The BIA affirmed the decision of the immigration judge, and we are satisfied that that decision supplies the reasons required by the regulation.

## III. NEW EVIDENCE

■ Relying on 28 U.S.C. § 2347(c), petitioners also request that this court issue an order requiring the BIA to reopen the deportation hearing to consider new evidence [2] in support of their extreme-hardship claim. Section 2347(c) authorizes a court of appeals to remand a case to an agency with orders to consider additional evidence where it is shown that (1) the additional evidence is material and (2) there were reasonable grounds for failure to adduce the evidence before the agency.[3] Although other circuits have held this section applicable to appellate court review of INS deportation decisions (*see Martinez de Mendoza v. INS,* 567 F.2d 1222, 1225–26 (3d Cir.1977); *Coriolan v. INS,* 559 F.2d 993, 1003–04 (5th Cir.1977)), we decline to do so given the circumstances of this case.

The INS regulations provide for reopening deportation hearings. Petitioners must submit motions to reopen to the BIA and state the new facts to be proved at the reopened hearing. 8 C.F.R. § 3.8(a). A motion to reopen will not be granted unless it appears to the BIA that the evidence sought to be offered is material and was not available at the former hearing. 8 C.F.R. § 3.2. The Supreme Court recently observed that this regulation grants the BIA discretion to determine when a hearing should be reopened:

2. Petitioners' new evidence consists of an Amnesty International Report, a U.S. State Department Advisory, and Periodical articles concerning the political turmoil in Guatemala.

3. Although petitioners' evidence is material, it is questionable whether there are reasonable grounds for petitioners' failure to adduce the evidence before the agency. Petitioners could

The present regulation [8 C.F.R. § 3.2] is framed negatively; it directs the Board that it may not reopen unless certain showings are made. It does not affirmatively require the Board to reopen the proceedings under any particular condition. Thus, the regulations may be construed to provide the Board with discretion in determining under what circumstances proceedings should be reopened.

*INS v. Wang,* 450 U.S. 139, 143 n. 5, 101 S.Ct. 1027, 1031 n. 5, 67 L.Ed.2d 123 (1981). In line with *INS v. Wang,* we have previously suggested that we would not compel the BIA to reopen deportation hearings. *Sida v. INS,* 665 F.2d 851, 854 (9th Cir. 1981). In *Sida,* this court held that the BIA abused its discretion in denying a motion to reopen by ignoring evidence presented in the motion to reopen. *Id.* Our remedy, however, was not to compel the BIA to reopen the hearing, but instead, to consider the new evidence and rule on the merits:

Requiring the BIA to address and rule on new evidence presented in a motion to reopen is not at odds with the Supreme Court's decision in *INS v. Wang.* This approach does not *compel* the BIA to grant motions to reopen where a prima facie case is established. Rather, this approach compels the BIA to *address* the evidence presented, and *state the reasons* why, for example, the evidence is not sufficient under the applicable regulations; why a prima facie case has not been made out; or why, if a prima facie case is made out, a reopening is not warranted.

*Id.* at 854–55 (emphasis in original). Similarly, here, we will not compel the BIA to reopen Mr. Ramirez's hearing on the basis of the new evidence he wishes to present.

not have presented the evidence during the original hearing since the new evidence was not available at that time. However, petitioners could have filed a motion to reopen the hearing with the BIA and presented the new evidence at that time. We need not decide this issue, however, because we will not invoke § 2347(c) given the circumstances of this case.

He must follow the INS regulations and file a motion to reopen with the BIA.

Finally, petitioners request that we remand Mr. Ramirez's application for suspension so that it can be considered with Mrs. Ramirez's application. Mrs. Ramirez was not eligible to apply for suspension of deportation at the time Mr. Ramirez's application was being decided by the BIA because she had not met the seven-year residency requirement. Mrs. Ramirez has since met this requirement. Petitioners claim that judicial economy demands that Mr. Ramirez's case be remanded to the BIA so that Mrs. Ramirez's application can be considered.

We find this claim to be without merit. The fact that Mrs. Ramirez has become eligible to apply for suspension of deportation should have no bearing on whether Mr. Ramirez's case should be remanded. The BIA has already heard the merits of Mr. Ramirez's case. Judicial economy will not be advanced by requiring the BIA to rehear his case simply because Mrs. Ramirez wishes to apply for relief.

Accordingly, the petition for review is denied. DENIED.