24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bobak BOOTORABI, Petitioner
v.
IMMIGRATION AND NATURALIZATION SERVICE Respondent.
 No. 92-70831.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided May 12, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and LEVI,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Bobak Bootorabi challenges the Board of Immigration Appeals' ("BIA") denial of his application for asylum and withholding of deportation. We deny Bootorabi's petition.
 
 
 4
 * Bootorabi first argues that the BIA erred by failing to explicitly state that it was applying the "well-founded fear" of persecution standard in deciding the asylum question.
 
 
 5
 We have held that the "clear probability" of persecution test for withholding of deportation and the "well-founded fear" test for granting asylum are different and that the BIA must distinguish between them. Corado Rodriguez v. INS, 841 F.2d 865, 869-70 (9th Cir.1987). Bootorabi claims the BIA failed to apply these standards when it affirmed the Immigration Judge's ("IJ") decision "for the reasons [the IJ] stated." ER 2. We have held, however, that the BIA can affirm an IJ decision without explanation if the decision being affirmed contained a legally sufficient explanation. Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213 (9th Cir.1983).
 
 
 6
 While the BIA did not distinguish between the different standards or explain how they applied to Bootorabi, the IJ did. The IJ specifically stated, "The 'clear probability' of persecution standard ... has not converged and may not be equated with the 'well-founded fear' of persecution standard." ER 24. The IJ then found that Bootorabi failed to demonstrate either a well-founded fear or a clear probability of persecution. Because the IJ discussed the evidence and applied the appropriate standards, the BIA did not err in affirming for the reasons the IJ stated.
 
 II
 
 7
 Bootorabi also argues that the IJ and the BIA erred in concluding that he did not demonstrate a well-founded fear of persecution. "To establish eligibility for asylum based on a well-founded fear of future persecution, applicants must demonstrate both an objective and subjective fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992). "The objective component requires 'credible, direct and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution.' " Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988)) (emphasis in original). When the BIA adopts the IJ's findings that a petitioner's testimony is not credible, we review these findings to make sure they are supported by substantial evidence. Id. "An IJ's credibility findings are given substantial deference by the reviewing court, but must be supported by a 'specific, cogent reason for the disbelief.' " Id. (quoting Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987)).
 
 
 8
 The IJ found that Bootorabi submitted no evidence that substantiated his fear of persecution if forced to return to Iran. The IJ found discrepancies between Bootorabi's application for asylum and his hearing testimony with regard to his participation in the Iranian Liberation Army. Furthermore, the IJ found that there was no evidence that the Iranian government was aware of Bootorabi's involvement in any dissident activity. The IJ concluded that Bootorabi's "uncorroborated testimony as to speculation is not believable, is not consistent, and therefore, has no bases (sic)." ER 31.
 
 
 9
 We conclude that the IJ's credibility determination is supported by a "specific, cogent reason," Berroteran-Melendez, 955 F.2d at 1256, and we deny Bootorabi's petition.
 
 
 10
 Petition DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3