46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor EVANGELISTA, Lolita Evangelista; Krystin
Evangelista, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1994.*
Decided Feb. 2, 1995.
 
 Before: TANG, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor Evangelista, Lolita Evangelista, and Krystin Evangelista petition for review of the Board of Immigration Appeal's ("BIA") denial of their motion to reopen deportation proceedings. The Evangelistas have been found deportable under Sec. 241(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1251(a)(1). Victor was charged with failure to possess valid labor certification, pursuant to 8 U.S.C. Sec. 1182(a)(14), and with fraud or willful misrepresentation of a material fact, pursuant to 8 U.S.C. Sec. 1182(a)(19). All three were found deportable under 8 U.S.C. Sec. 1182(a)(20), for failing to have valid immigrant visas in their possession when they entered the United States.
 
 
 3
 On appeal, the Evangelistas argue that the BIA abused its discretion in denying their motion to reopen because Victor has filed a legalization application, which is now pending, and all three are now eligible for suspension of deportation under Sec. 244 of the INA, 8 U.S.C. Sec. 1254, since they have resided in the U.S. for more than seven years, are of good moral character, and can assert that deportation would result in extreme hardship for their U.S.-born children should they be forced to return to the Philippines. Furthermore, the Evangelistas argue that the extreme economic hardship they would face as a family in the Philippines forms a basis for general discretionary relief from deportation.
 
 I.
 
 4
 The decision on an applicant's motion to reopen is reviewed for an abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 725 (1992).
 
 
 5
 The BIA denied the Evangelistas' motion to reopen because (1) a pending legalization application is not a basis for reopening deportation proceedings since legalization proceedings are adjudicated irrespective of deportation proceedings, and (2) the Evangelistas failed to demonstrate prima facie eligibility for suspension of deportation. In addition, the BIA did not believe that other discretionary relief was warranted despite the Evangelistas' assertion that they would suffer extreme economic hardship if forced to return to the Philippines.
 
 A.
 
 6
 The existence of a pending legalization application is not grounds for reopening deportation proceedings. Deportation proceedings may be conducted even if a legalization application has been filed. See generally Yao v. INS, 2 F.3d 317, 319 (1993) (during pendency of legalization application, applicant may not be deported, but deportation proceedings may be conducted). Victor Evangelista's pending legalization application is not a basis for reopening deportation proceedings.
 
 B.
 
 7
 A motion to reopen deportation proceedings may be granted in order to consider whether suspension of deportation is warranted. However, the motion to reopen may be denied if the petitioner fails to establish a prima facie case for suspension of deportation. See INS v. Abudu, 485 U.S. 94, 104 (1988); Doherty, 112 S.Ct. at 719.
 
 
 8
 Suspension of deportation may be sought pursuant to Sec. 244(a)(1) of the INA, 8 U.S.C. Sec. 1254(a)(1). Prima facie eligibility for suspension of deportation requires that the Evangelistas demonstrate: (1) continuous physical presence in the U.S. for not less than seven years; (2) good moral character; and (3) that deportation would result in extreme hardship to the Evangelistas or to their U.S. citizen children. The Evangelistas must demonstrate both statutory eligibility and that they merit the favorable exercise of discretion. Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir.1986). However, even when eligibility for suspension of deportation has been demonstrated, the BIA still possesses the discretion to grant or deny relief. Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983).
 
 
 9
 The Evangelistas have not made a prima facie showing for suspension of deportation. Although they have resided in the U.S. for more than seven years, fraud and willful misrepresentation at the time of their entry into the United States may frustrate a showing of good moral character. Assuming the required residential period and good moral character, however, the Evangelistas argue that the extreme hardship they all would face in the Philippines is another reason for the BIA to exercise its discretion and grant them relief.
 
 
 10
 It has been suggested that the BIA's decision to deny the Evangelistas' motion to reopen should be reversed because the BIA failed to consider the hardship that could result to the Evangelistas' two citizen children. See Cerrillo-Perez v. INS, 809 F.2d 1419 (9th Cir.1987). In Cerrillo-Perez, the court vacated and remanded the BIA's denial of a motion to suspend deportation because the BIA failed to consider the possibility that the Cerrilos' U.S. citizen children would stay in the United States, an alternative situation the Cerrillos urged the BIA to consider. Id. at 1423, 1427. The Cerrillos provided affidavits in support of their contention. Id. at 1424.
 
 
 11
 The Evangelistas have asserted, however, only generalized, unsupported statements that their U.S. citizen children will suffer extreme hardship. Their motion to the BIA recited that their U.S. citizen children will suffer "for economic, emotional, psychological, political, and other reasons," and the Evangelistas' brief to this court adds nothing to the motion's recitations. The brief merely asserts, "The two U.S. citizen children will [ ] have difficulties which will affect them for the rest of their lives." Although a citizen child may share the inconvenience of readjustment and reduced educational opportunities, this does not constitute "extreme hardship." Ramirez-Durazo, 794 F.2d at 499.
 
 
 12
 A claim of extreme hardship must be supported by affidavit or other evidentiary material. See 8 CFR Sec. 3.8 ("Motions to reopen shall ... be supported by affidavits or other evidentiary material."); INS v. Jong Ha Wang, 450 U.S. 139, 143 (1981) (regulation requires alien moving for suspension of deportation to allege and support by affidavit or other evidentiary material the particular facts claimed to constitute extreme hardship). The purpose of this rule is to enable the BIA to select for hearing only those motions to reopen that reliably indicate the specific recent events that would render deportation an extreme hardship. Id. The Evangelistas have provided little probative evidentiary material. Without concrete, substantiated allegations, we cannot find that the BIA abused its discretion in failing to find the Evangelistas prima facie eligible for suspension of deportation.
 
 
 13
 The Petition for Review is Denied.
 
 
 14
 REINHARDT, Circuit Judge, dissenting.
 
 
 15
 The BIA's order denying the motion to reopen makes one brief reference to the Evangelista's U.S. citizen children: "[T]he fact that the family now has two additional members is insufficient to establish the extreme hardship necessary for [ ] relief." The order makes no reference to the fact that the children are U.S. citizens, or that the deportation may result in family separation. Nothing in the order suggests that the Board considered family separation and its impact on the U.S. citizen children in its determination that deportation would not result in extreme hardship. This falls far short of the requirements set out by this court in Cerrillo-Perez v. INS, 809 F.2d 1419 (9th Cir.1987).
 
 
 16
 Despite this fatal shortcoming, the majority upholds the BIA order on the grounds that unlike the aliens in Cerrillo-Perez, the Evangelistas failed to present affidavits in support of their motion. The certified administrative record contains a copy of Victor Evangelista's I-690 form requesting waiver of deportation. (A.R. 24) A copy of this document was also submitted to the BIA with the Evangelista's motion to reopen. In response to the question 11 of this form, Victor Evangelista submitted a statement that clearly presents the possibility of family separation and the prospect of the U.S. citizen children remaining in their native country if the other family members are deported. Apparently, if the word "affidavit" had appeared at the top of this statement, the majority would have concluded that the Evangelistas are entitled to the benefit of Cerrillo-Perez. Although the majority cites INS v. Jong Ha Wang, 450 U.S. 139 (1981) in support of its view, Jong Ha Wang says that motions can be supported by "affidavit or other evidentiary material." Id. at 143. Although the Evangelista's actual motion to reopen was mostly conclusory, the supporting documents that accompanied it should suffice as "other evidentiary materials."
 
 
 17
 While this may all appear to be highly technical, much is at stake in deportation proceedings. Regrettably, counsel in the immigration field are frequently overburdened and unsophisticated. The niceties of legal proceedings all too often escape them. Surely, had the Evangelistas' attorney recognized that he should have had the critical statements regarding the children's future typed on a piece of paper with a different heading, he would have done so. Instead, under the majority's decision, because of this failure his clients now lose their statutorily created rights, and may lose fundamental rights by being permanently separated from their children. That is a harsh result, and a sad commentary on how our legal system works these days.
 
 
 18
 Because the issue of family separation and its potential impact on the U.S. citizen children was properly placed before the BIA and because there is no indication that the Board even considered the issue, I dissent.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3