51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Justo A. GARCIA-MOLINA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70015.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Justo A. Garcia-Molina, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his request for suspension of deportation pursuant to section 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Garcia-Molina contends that the BIA abused its discretion by finding that he would not suffer extreme hardship if deported. This contention lacks merit.
 
 
 4
 INA Section 244(a)(1) provides that the Attorney General in his discretion may suspend deportation and adjust the status of an otherwise deportable alien who (1) has been physically present in the United States for at least seven years, (2) is a person of good moral character, and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the Alien or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. Sec. 1254(a)(1). The alien bears the burden of demonstrating both statutory eligibility and that he merits a favorable exercise of discretion. Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985)
 
 
 5
 Section 244 also commits the definition of extreme hardship to the BIA, and thus the BIA may construe extreme hardship narrowly. INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981); Bu Roe, 771 F.2d at 1333. We will reverse the BIA's denial of a request for suspension of deportation only if it abused its discretion. Id. The BIA's "[f]ailure to consider all of the factors which bear on extreme hardship is an abuse of the [BIA's] discretion." Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981).
 
 
 6
 "Although economic detriment, without more, does not amount to extreme hardship, the personal hardships that flow from the economic detriment may be a relevant factor for the BIA to consider in determining extreme hardship." Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983). To trigger the BIA's consideration of the personal hardships, however, the alien must demonstrate severe economic detriment. Id. at 1211-12; see Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 7
 Here, the BIA found that Garcia-Molina had not demonstrated "extreme hardship" and thus had not established eligibility for suspension of deportation. In reaching this conclusion, the BIA considered the fact that Garcia-Molina is close to his sister who is a lawful permanent resident, but that his mother and numerous siblings reside in Nicaragua. The BIA also considered Garcia-Molina's eight years of residency in the United States, the fact that he is single, has no children who depend on him and that he has an employment history and community ties in the United States. The BIA also considered Garcia-Molina's evidence that Nicaragua is suffering from high levels of unemployment and insufficient supplies of health care. The BIA concluded, however, that Garcia-Molina had not show "that he will be completely unable to find work to sustain himself," and that Garcia-Molina was a young man in good health.
 
 
 8
 Given these circumstances, we cannot say that the BIA abused its discretion by concluding that Garcia-Molina did not demonstrate extreme hardship. See Ramirez-Gonzalez, 695 F.2d at 1211; Bu Roe, 771 F.2d at 1333.[1]
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA's grant of thirty days for voluntary departure will begin to run on the date of the issuance of our mandate in this case. See Contreras-Aragon v. INS, 852 F.2d 1088, 1097 (9th Cir.1988 (en banc) (where the court of appeals affirms the BIA's deportation order, the period for voluntary departure by the BIA does not begin to run until the issuance of the appellate mandate)