73 F.3d 370
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Hotman TAMPUBOLON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1995.*
Decided Dec. 21, 1995.
 
 1
 Before: WALLACE and THOMPSON, Circuit Judges, and THOMPSON, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Hotman Tampubolon, a citizen of Indonesia, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's order denying his application for suspension of deportation. Tampubolon contends his deportation to Indonesia will cause him extreme hardship, and the BIA abused its discretion by not considering all the pertinent facts. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a), and we deny review.
 
 
 4
 Tampubolon seeks a suspension of deportation under section 244(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1254(a). To qualify for a suspension of deportation, an alien must show: (1) continuous physical presence in the United States for at least seven years; (2) good moral character; and (3) that deportation would, in the opinion of the Attorney General, result in "extreme hardship" to the alien, or to a spouse, parent or child who is a citizen or a permanent resident of the United States. 8 U.S.C. Sec. 1254(a)(1). Other than statutory eligibility, an alien must also show he merits the favorable exercise of discretion. Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir.1986). The denial of Tampubolon's application was based upon his failure to show extreme hardship.
 
 
 5
 We review for abuse of discretion the BIA's denial of an application for suspension of deportation. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). The BIA has discretion to construe "extreme hardship" narrowly, INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981), but abuses its discretion when it fails to consider all pertinent facts regarding extreme hardship, or when it fails to articulate the reasons for denying suspension of deportation. Tukhowinich, 64 F.3d at 463.
 
 
 6
 Tampubolon contends his relationships and community ties in the United States, the political conditions in Indonesia, and the difficulty he expects to have securing desirable employment there will, in the aggregate, cause him extreme hardship.
 
 
 7
 Tampubolon entered the United States on a student visa at the age of 28 in 1982. Since then he has been married and divorced, developed friendships, worked steadily, purchased property and started his own business. Nothing in the record suggests he has been anything other than an active and upstanding member of his community. Although his parents are deceased, all of his ten siblings live in Indonesia with their families.
 
 
 8
 The record suggests the Indonesian economy is not as robust as that of the United States. However, in spite of his belief that he will not be able to secure the type of employment he desires in Indonesia, there is nothing to suggest that he will be unable to earn a living. When a petitioner does not demonstrate he will be unable to find a job, the BIA is not required to consider "the personal hardships that are claimed to flow from the alleged economic detriment." Tukhowinich, 64 F.3d at 464 (quoting Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1212 (9th Cir.1983)).
 
 
 9
 Similarly, when a petitioner does not show any recognizable threat from volatile or more restrictive political conditions, the fact that the political conditions are volatile or more restrictive does not mandate a determination of extreme hardship. According to the record, Indonesia is a predominantly Muslim country, and has experienced recent militant activity by extremist groups. Although as a Christian, Tampubolon will not be in the religious majority, there is no evidence to indicate that political conditions in Indonesia would prevent him from practicing his religion.
 
 
 10
 Tampubolon also contends the BIA failed to consider his community ties, and the inhospitable economic and political conditions in Indonesia. We disagree. The BIA's order explicitly considers Tampubolon's significant ties to the community as well as the relevant effects of the economic conditions in Indonesia. Although the order does not specifically mention political conditions as such, the evidence in the record did not warrant such discussion.
 
 
 11
 Clearly deportation will be difficult for Tampubolon; deportation is difficult for any alien who has spent several years in the United States and wishes to stay. The type of hardship Tampubolon asserts, however, is not extreme, but rather is common to deportation. "The common results of deportation or exclusion are insufficient to prove extreme hardship"; the petitioner must show "unique extenuating circumstances." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991).
 
 
 12
 The BIA's order sufficiently reflects consideration of all pertinent facts as well as the reasons for denial of Tampubolon's application. See Tukhowinich, 64 F.3d at 463. The BIA did not abuse its discretion in determining that Tampubolon did not establish extreme hardship. We deny Tampubolon's petition for review of the BIA's order denying his application for suspension of deportation.
 
 
 13
 REVIEW DENIED.
 
 
 
 *
 This case is submitted for decision without oral argument pursuant to the petitioner's motion that the case be submitted on the briefs
 
 
 **
 The Honorable Gordon Thompson, Jr., Senior District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3