91 F.3d 154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gadina Del Socorro SANCHEZ-CALERO; Betsy Maria
Arcas-Sanchez; Isabell Arcas-Sanchez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70283.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1996.*
Decided July 15, 1996.
 
 Before: WOOD,** CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Gadina Del Socorro Sanchez-Calero and her daughters, natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' dismissal of their appeal from the Immigration Judge's denial of their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a), 1253(h). They also petition for review of the BIA's denial of their motion to remand to enable them to apply for suspension of deportation under 8 U.S.C. § 1254(a)(1).[1] We have jurisdiction, 8 U.S.C. 1105a(a), and we deny the petition.
 
 
 3
 * Sanchez contends that the BIA erred in concluding that she is not eligible for asylum on the basis of either past persecution or a well-founded fear of future persecution. We disagree.
 
 
 4
 * The Attorney General has discretion to grant asylum to an applicant who is unwilling to return to her native country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). We review the BIA's determination of eligibility for substantial evidence, Del Valle v. INS, 776 F.2d 1407, 1412 (9th Cir.1985), reversing "only if the evidence presented to the Board was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution[,]" Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).
 
 B
 
 5
 The BIA concluded, and we agree, that Sanchez lacks a well-founded fear of persecution. Sanchez concedes that the Sandinistas are no longer officially in power. See Acewicz, 984 F.2d at 1060-61 (upholding BIA's decision to deny asylum to Polish petitioners in light of changes in Poland's political climate). Even when the Sandinistas were in power, they took no action to harm Sanchez or her children in the seven to eight years following her husband's death, and Sanchez had no trouble obtaining a passport once she decided to leave Nicaragua. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (petitioner's ability to obtain a passport from the government and fact that petitioner's family continues to live in the country unharmed undercut claim of well-founded fear).
 
 C
 
 6
 Nor can we say that the BIA necessarily erred in concluding that Sanchez did not endure past persecution. Sanchez relies primarily upon the fact that Sandinistas shot and killed her husband due to their mistaken belief that they were shooting Sanchez's politically active stepson. This event, though tragic, is not enough in itself to establish "a pattern of persecution tied to [Sanchez]." Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995) (citation omitted).[2]
 
 II
 
 7
 Sanchez seeks withholding of deportation under 8 U.S.C. § 1253(h), which requires that the alien demonstrate a "clear probability of persecution." Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995) (citations and internal quotations omitted). "A 'clear probability' means that the applicant will more likely than not be persecuted if deported[;] [t]his is a more stringent standard than the 'well-founded fear' standard" required for asylum. Id. (citations omitted). Having failed to meet the less stringent test for asylum, Sanchez necessarily fails to meet the test for withholding of deportation. Id.
 
 III
 
 8
 Finally, Sanchez contends that the BIA abused its discretion in denying her motion to reopen so that she could seek suspension of deportation. We disagree.
 
 
 9
 To be eligible for suspension of deportation, a petitioner must demonstrate continuous physical presence in the United States for seven years, good moral character, and that deportation would result in extreme hardship to herself or to a spouse, parent, or child who is a citizen or lawful permanent resident of the United States. 8 U.S.C. § 1254(a)(1); Santana-Figueroa v. INS, 644 F.2d 1354, 1355 n. 2 (9th Cir.1981). Here, the only question is whether Sanchez established a prima facie case of extreme hardship. The INS has the authority to construe "extreme hardship" narrowly; "[s]uch a narrow interpretation is consistent with the 'extreme hardship' language, which itself indicates the exceptional nature of the suspension remedy." INS v. Wang, 450 U.S. 139, 145 (1981) (per curiam).
 
 
 10
 Sanchez contends that the BIA failed to consider various factors relevant to the determination of extreme hardship, but the record shows otherwise. The BIA considered Sanchez's claim of economic hardship, but rejected it because she failed to demonstrate that she would be unable to find any employment in Nicaragua. See Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983) ("[U]nsupported allegations are insufficient to establish [petitioner's] inability to find employment."). Because Sanchez didn't show that she would be unable to find employment, the BIA didn't err in failing to consider potential hardship that might flow from the failure to find work. Id. at 1211-12.
 
 
 11
 The BIA considered the fact that Sanchez would be separated from relatives in the United States, but properly concluded that this loss would be counteracted by the benefit of being reunited with relatives in Nicaragua. Villena v. INS, 622 F.2d 1352, 1357 (9th Cir.1980) (en banc). The BIA also considered and rejected the possibility of hardship to Sanchez's mother, concluding that her sons, both of whom live in the United States, would be able to care for her. Finally, the BIA considered potential hardship to Sanchez's daughters, but concluded that they faced only "the common results of deportation," which are not sufficient to prove extreme hardship. Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) (citations omitted).
 
 
 12
 As in Wang, "the Board considered the facts alleged and found that neither [Sanchez, her mother, nor her daughters] would suffer extreme hardship." Wang, 450 U.S. at 144. And, as in Wang, "[i]n making these determinations, the Board was acting within its authority." Id. at 145. There was no abuse of discretion.
 
 
 13
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The daughters' claims are derivative of their mother's. See 8 C.F.R. § 208.3(a)
 
 
 [2]
 Because Sanchez was not subjected to past persecution, she is not eligible for asylum on humanitarian grounds under Matter of Chen, Int.Dec. 3104 (BIA 1989)