116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Aldelfo SALGADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70318, Acv-zia-wzw.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997*
Decided June 5, 1997.
 
 Before: WALLACE, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Aldelfo Salgado ("Salgado") timely petitions for review of the February 27, 1996, decision and order of the Board of Immigration Appeals ("BIA") dismissing Salgado's appeal for his failure to satisfy the extreme hardship requirement to qualify for a suspension of deportation under 8 U.S.C. § 1254(a) (which Congress repealed on April 1, 1997). We have jurisdiction under 8 U.S.C. § 1105a(a). We review the BIA's decision to deny an application for the suspension of deportation for lack of extreme hardship for an abuse of discretion. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). We deny the petition.
 
 
 3
 The BIA did not abuse its discretion. In its decision, the BIA stated that it "reviewed the record of proceedings" and concluded that the Immigration Judge ("IJ") "properly considered the hardship to be faced by the respondent upon his deportation, including its emotional and economic aspects." The BIA has the right to rely solely on an IJ's opinion that "supplies the reasons required by the [INS]...." Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213 (9th Cir.1983). In Tukhowinich, faced with an almost identical BIA conclusion, we reviewed the IJ's ruling to determine whether the IJ had, in fact, adequately considered all factors relevant to the extreme hardship requirement. Therefore, a similar inquiry is appropriate here.
 
 
 4
 Unlike the IJ's opinion in Tukhowinich, the IJ's opinion in this case carefully reviewed all factors relevant to Salgado's application for suspension of deportation. The IJ separately considered Salgado's age, the length of time he had been in the United States, Salgado's family ties in the United States and Mexico, his medical status, evidence of his "socialization and culturalization" into the "general society of the United States," his economic status, his United States assets, his employment skills, his language ability, his potential for family support in Mexico, evidence of "culture economics or politics of Mexico" which might cause difficulties, and his immigration history. This exhaustive inquiry was more than adequate.
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3