120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Victoria Contawe NEGRETE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71040.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 22, 1997.**
July 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maria Victoria Contawe Negrete, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA"). The BIA affirmed a decision of an Immigration Judge denying her request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a)(1), based upon a failure to establish extreme hardship. We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review for abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). The BIA may define hardship narrowly, and we may not substitute our own definition of extreme hardship for that of the BIA. See INS v. Jong Ha Wang, 450 U.S. 139, 144 (1981). The BIA abuses its discretion if it fails to consider all relevant facts regarding extreme hardship, or fails to articulate its reasons for its conclusions. See Tukhowinich, 64 F.3d at 463.
 
 
 4
 Negrete contends that the BIA abused its discretion by mischaracterizing her claim and concluding that the psychological and emotional consequences resulting from her economic detriment would not constitute extreme hardship. This contention lacks merit.
 
 
 5
 The BIA acknowledged that Negrete was providing economic support to her family in the Philippines, but considered Negrete's skills, training, work history, health, and familiarity with the Philippine language and culture as factors that would assist her in finding employment in the Philippines. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (holding that reduced job opportunities and lower standard of living do not rise to level of extreme hardship). Because Negrete failed to establish a complete inability to obtain employment, the BIA did not abuse its discretion by determining that deportation would not create extreme hardship. See Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1212 (9th Cir.1983) (reasoning that complete inability to obtain employment triggers BIA's duty to consider non-economic, personal hardships). Moreover, Negrete did not establish the severe economic or unique personal ramifications of deportation necessary to establish extreme hardship based on the consequences of economic detriment. See Tukhowinich, 64 F.3d at 463; see also Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991) (stating that common results of deportation are insufficient to prove extreme hardship).
 
 
 6
 Negrete also contends that she would suffer extreme hardship due to separation from her patients at a boarding care facility where she works. This contention also lacks merit. Although special value to the community is a relevant factor, see Gutierrez-Centeno v. INS, 99 F.3d 1529, 1534 (9th Cir.1996), severance of community ties occurs every time a person relocates and does not in itself constitute extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980); cf. Shooshtary v. INS, 39 F.3d 1049, 1051 (9th Cir.1994) (reasoning that separation from friends represents type of inconvenience and hardship that is not considered extreme). Here, the BIA acknowledged Negrete's service to her patients and considered this factor together with other relevant factors in concluding that deportation would not cause extreme hardship. See Hassan, 927 F.2d at 468.
 
 
 7
 Additionally, the BIA considered that Negrete's only immediate family member in the United States is a sister also unlawfully residing here, and that Negrete would be reunited with her husband, daughter, and father in the Philippines. See Ramirez-Durazo, 794 F.2d at 498 (noting that hardship would be alleviated by numerous relatives living in homeland).
 
 
 8
 Because the BIA considered all pertinent facts regarding extreme hardship, articulated the reasons for its conclusions, and considered the relevant factors in the aggregate, it did not abuse its discretion in concluding that deportation would not cause extreme hardship. See Tukhowinich, 64 F.3d at 463.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Since we deny the petition for review, we do not consider the applicability of sections 304 and 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. Cf. Astrero v. INS, 104 F.3d 264, 266 (9th Cir.1996) (stating that new requirements may apply retroactively to trigger cutoff dates based upon notices to appear issued prior to April 1, 1997)