348

Ana Maria INTERIANO, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 01–70963.

INS No. A70–921–130.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002*.

Decided April 17, 2002.

Before BROWNING, KLEINFELD,
and GOULD, Circuit Judges.

MEMORANDUM**

Ana Maria Interiano, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying her applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252.[1] We review BIA decisions adopting the IJ's findings and reasoning that an alien has not established eligibility for asylum under the substantial evidence standard, *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001), and deny the petition.

Substantial evidence supports the BIA's conclusion that petitioner did not qualify for asylum because petitioner failed to es-

tablish past persecution or a well founded fear of future persecution on account of her political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because petitioner did not satisfy the standard for asylum, she necessarily did not satisfy the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 965 (9th Cir.1996) (en banc).

Contrary to petitioner's contention, the BIA did not abuse its discretion by adopting the IJ's findings and reasoning. *See Ramirez–Gonzalez v. INS*, 695 F.2d 1208, 1212–13 (9th Cir.1983) (BIA may rely solely on an IJ's decision that supplies the reasons required by INS regulations).

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies the petitioner's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply to this case because removal proceedings were initiated against petitioner after April 1, 1997. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).