**Jose Luis DAVILA–DAVILA,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**No. 03–72643.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 26, 2004.

Antonio Reyna Salazar, Esq., Adolfo Ojeda–Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS-District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Jose Luis Davila–Davila, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1105a. *See Ekimian v. INS*, 303 F.3d 1153, 1155 (9th Cir.2002). We review the denial of a motion to reopen for abuse of discretion. *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

The BIA did not abuse its discretion in denying Davila–Davila's motion to reopen. Because Davila–Davila's motion to reopen was not timely filed pursuant to 8 C.F.R. § 1003.2(c)(2), the BIA's denial of the motion was not "arbitrary, irrational or contrary to law." *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000).

To the extent that Davila–Davila contends due process required the BIA to accept his untimely motion to reopen so

---

that its decision could be based on the most current evidence, his contention fails. The decision to grant or deny a motion to reopen is within the discretion of the BIA. *See Ramirez–Gonzalez v. INS*, 695 F.2d 1208 (9th Cir.1983) (holding that the motion to reopen regulations provide the BIA with discretion to determine the circumstances in which proceedings should be reopened.)

We lack jurisdiction to review Davila–Davila's contention that the BIA should have sua sponte reopened the proceedings to allow him to present new evidence. *See Ekimian v. INS*, 303 F.3d at 1156–60 (holding that the Court lacks jurisdiction to review the BIA's refusal to exercise its authority to reopen sua sponte).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.