Wen **CHEN**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–74153.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 2004.*

Decided Nov. 10, 2004.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Linda S. Wernery, Esq., William C. Minick, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BRUNETTI, GRABER, and BYBEE, Circuit Judges.

### MEMORANDUM **

Wen Chen, a native and citizen of the People's Republic of China, sought asylum based on fear of forced sterilization. He testified in his asylum hearing that after his wife gave birth to their first child, the family planning officials summoned her to insert an IUD. When she refused to appear, the officials threatened to sterilize Chen, destroyed Chen's property, and detained his mother for several months. The IJ made an adverse credibility determination, relying partly on the Department of State country reports to refute Chen's testimony. In addition, the BIA denied Chen's motion for remand based on new evidence that his wife was forcibly sterilized without stating why the evidence was insufficient.

In *Zheng v. Ashcroft,* 382 F.3d 993, 997 (9th Cir.2004), this Circuit recently held that although an IJ "may use a country report as 'supplemental' evidence to discredit 'a generalized statement' made by the petitioner" the IJ may not use a country report to " 'discredit specific testimony regarding his individual experience.' " In *Zheng,* the IJ discredited Zheng's testimony that he and his partner were forced to

abort their first child because the country report lacked reports of couples undergoing abortion when they had no children. *Id.* However, the country report did point out that there were different rules for unmarried couples like Zheng, who were not permitted to have any children. Thus, the Ninth Circuit panel recognized that the country report was consistent with Zheng's testimony that he was forced to abort his child. *Id.* at 998.

■ Similarly, in this case, the IJ erred in discrediting Chen's specific testimony with generalized statements from the country report. For instance, the IJ doubted Chen's testimony because "based upon country conditions, it is difficult to understand why family planning officials would take respondent's mother for two months in detention, and yet not locate his pregnant wife who was residing with her mother just three miles away." As in *Zheng,* the country report is consistent with Chen's testimony. The country report states that local authorities in Chen's province "systematically used coercive measures such as ... sterilization, detention, and the destruction of property to enforce birth quotas." Thus, Chen's testimony regarding the detention of his mother, destruction of his property, and his fear of sterilization after his wife's refusal to report for an IUD insertion is consistent with the country reports. The IJ erred in refuting Chen's testimony with general statements in the country reports. The IJ also based her adverse credibility finding on the implausibility and lack of corroboration of Chen's testimony. These findings are without substantial evidence in the record, and we reverse the IJ's adverse credibility finding.

While his case was pending before the BIA, Chen sought to have it remanded to consider new evidence of his wife's forced sterilization. In evaluating a motion for remand, the BIA must "address the evidence presented, and state the reasons why ... the evidence is not sufficient under the applicable regulations." *Ramirez–Gonzalez v. INS,* 695 F.2d 1208, 1213 (9th Cir.1983). Chen submitted pictures and an affidavit supporting new evidence that his wife has been forcibly sterilized. If true, this evidence establishes a prima facie asylum claim. *Chen v. Ashcroft,* 362 F.3d 611, 622 (9th Cir.2004); *He v. Ashcroft,* 328 F.3d 593, 604 (9th Cir.2003); *In re C–Y–Z–,* 21 I. & N. Dec. 915, 919–20, 1997 WL 353222 (BIA 1997). The BIA rejected Chen's motion for remand without addressing the evidence and, thus, abused its discretion.

We remand this case to the IJ to evaluate Chen's new evidence of his wife's forced sterilization. If the IJ determines that the new evidence establishes that Chen's wife was forcibly sterilized, then Chen has established a prima facie case for asylum. If not, the IJ should reconsider whether Chen has established his burden of proof for asylum with substantial evidence in light of *Zheng.*

**PETITION GRANTED and REMANDED.**

---

[*] The Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.