**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAZARO SANTOS HERNANDEZ, | No. 23-1694 |
| Petitioner, | Agency No. A216-196-778 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 2, 2024**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Lazaro Santos Hernandez, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") decision affirming the order of an

Immigration Judge ("IJ") denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction to review the BIA decision under 8 U.S.C. § 1252.

"We review questions of law . . . de novo." *Macedo Templos v. Wilkinson*, 987 F.3d 877, 879 (9th Cir. 2021). We review findings of fact for substantial evidence and uphold the agency's decision "unless the evidence compels a contrary result." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) (simplified). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We deny the petition.

1. Santos Hernandez abandoned any challenge to the merits of the BIA's denial of his application for asylum, withholding of removal, and protection under the regulations implementing the CAT because he fails to address them in his opening brief. "Issues raised in a brief that are not supported by argument are deemed abandoned" as are issues not raised at all. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) (simplified); *see also* Fed. R. App. P. 28(a)(8)(A) (explaining an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

2. Santos Hernandez's new claim of eligibility for cancellation of removal is unexhausted and therefore is denied. "Exhaustion requires a non-constitutional legal

claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (simplified). Santos Hernandez did not raise a cancellation of removal claim before this appeal and thus it was not exhausted. We accordingly decline to consider the new claim.

3. Santos Hernandez also claims for the first time on appeal that the Nicaraguan Adjustment and Central American Relief Act ("NACARA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") violate the Equal Protection Clause by treating aliens of different nationalities differently. This claim need not be exhausted as "[e]xhaustion requires a non-constitutional legal claim." *Id.* (simplified). NACARA does not violate the Equal Protection Clause. "NACARA easily satisfies the rational basis test, because . . . Congress's decision to afford more favorable treatment to certain aliens stems from a rational diplomatic decision to encourage such aliens to remain in the United States." *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir. 2002) (simplified). That IIRIRA holds aliens of a different nationality to a different standard than the NACARA is therefore likewise rational. *See id.*

4. The BIA properly articulated its reasoning denying Santos Hernandez's request. Santos Hernandez argues "that the BIA failed to fully articulate its reasons

for the denial." But the BIA explicitly "adopt[ed] and affirm[ed] the decision of the Immigration Judge for the reasons stated therein," and further elaborated on its reasoning. *See Ramirez-Gonzalez v. I.N.S.*, 695 F.2d 1208, 1213 (9th Cir. 1983) (denying claim that the BIA failed fully to articulate its reasoning where the record shows the BIA adopted the reasoning of the IJ).

**PETITION DENIED.**