79 F.3d 1154
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clemencia Taleon TOBIAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70114.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1996.*
Decided March 6, 1996.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clemencia Taleon Tobias, a citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("the Board") decision affirming the Immigration Judge's ("IJ") denial of Tobias' application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1254(a)(1). Tobias contends that the Board abused its discretion by finding that she failed to demonstrate that deportation would cause her extreme hardship.
 
 
 3
 We have jurisdiction pursuant to section 106(a) of the Act, 8 U.S.C. § 1105a, and we deny Tobias' petition.
 
 I.
 BACKGROUND
 
 4
 Tobias is sixty-two years old, a female native and citizen of the Philippines. She entered the United States on August 23, 1983, as a nonimmigrant visitor, and overstayed her one-year visa. On August 17, 1990, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause against Tobias, which charged her with deportability under section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2).[1]
 
 
 5
 At a hearing before the IJ on October 2, 1990, Tobias admitted the factual allegations contained in the Order and conceded deportability as charged. On November 26, 1990, Tobias applied for suspension of deportation under section 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1). Her application, together with her testimony before the IJ during hearings on October 2, 1990, and February 12, 1992, indicates that Tobias is an unmarried woman with no children and no relatives in the United States aside from three second cousins, all United States citizens. Her parents are deceased, and her brother and two sisters live in the Philippines.
 
 
 6
 Before coming to the United States, Tobias worked as a cook and caterer in the Philippines. Since arriving in the United States, she has become a Certified Nurse Assistant and has provided home health care to elderly clients. Tobias contributes to the financial support of her terminally ill sister in the Philippines.
 
 
 7
 Tobias has donated money to the Archdiocese of San Francisco, and is a member of the St. Michael's Church choir. Aside from undergoing cataract surgery in 1985, Tobias has enjoyed good health. She has never received public assistance of any kind.
 
 
 8
 In her decision, the IJ considered the facts of Tobias' case and found that she had failed to demonstrate unusual hardship beyond that which ordinarily accompanies deportation after a lengthy residence in the United States. The IJ therefore denied Tobias' application for suspension of deportation. Tobias appealed to the Board, which adopted the reasoning of the IJ's decision, and affirmed. Tobias timely petitions for review.
 
 II.
 DISCUSSION
 
 9
 We review for abuse of discretion the Board's denial of an application for suspension of deportation for lack of extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). The Board has the authority to construe "extreme hardship" narrowly. INS v. Wang, 450 U.S. 139, 145 (per curiam), reh'g denied, 451 U.S. 964 (1981). However, the Board must not exercise its discretion in a way that is "arbitrary, irrational, or contrary to law." Santana-Figueroa v. INS, 644 F.2d 1354, 1355 (9th Cir.1981). Ignoring important aspects of an individual claim constitutes an arbitrary exercise of discretion. Id. at 1356. Where, as here, the Board has explicitly adopted the rationale of the IJ, we treat the IJ's statement of reasons as that of the Board, and review the IJ's decision for abuse of discretion. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 10
 To qualify for suspension of deportation under section 244(a) of the Act, an alien must show (1) continuous physical presence in the United States for at least seven years immediately preceding the date of the application; (2) good moral character; and (3) that he or she is a person whose deportation would result in extreme hardship to himself or herself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1254(a)(1); Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir.1986). It is undisputed that Tobias has met the first two requirements.
 
 
 11
 In determining whether deportation would cause an alien extreme hardship, the IJ should consider, among other factors, the alien's age and health; her family ties in the United States and abroad; her length of residence in the United States; the economic and political conditions of the country to which the alien is returnable; her financial status; and her immigration history. Matter of Anderson, 16 I & N Dec. 596 (BIA 1978).
 
 
 12
 Economic detriment alone, including the alien's inability to find comparable employment in the country to which she will be returned, is insufficient to support a finding of extreme hardship. Ramirez-Durazo, 794 F.2d at 498. However, if the alien will be completely unable to secure employment, this alone may amount to extreme hardship in some circumstances. Santana-Figueroa, 644 F.2d at 1357; Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980). Moreover, economic detriment in combination with other factors such as advanced age, severe illness, and family ties may, evaluated cumulatively, justify relief. Matter of Anderson, 16 I & N Dec. at 598.
 
 
 13
 Here, the record shows that the IJ considered all the relevant factors in Tobias' case. The IJ found that although Tobias demonstrated that she might have difficulty finding comparable employment as a Certified Nurse Assistant in the Philippines, she failed to provide objective evidence that she would be unable to secure any employment at all if deported. See Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983) (applicant's testimony and unsupported allegations insufficient to establish inability to find employment if deported); Santana-Figueroa, 644 F.2d at 1357; Patel, 638 F.2d at 1206. In reaching this conclusion, the IJ considered the economic conditions and cultural factors in the Philippines which bear on her claim, as well as Tobias' particular age, health, and employment history.
 
 
 14
 The IJ also considered Tobias' claim of hardship stemming from the financial support that she provides to her ailing sister. The IJ found that Tobias had not shown that she would be entirely unable to secure employment that would enable her to assist her sister. The IJ found that this hardship amounted to no more than the usual hardship caused by deportation after a lengthy period of residence in the United States and a reduction in standard of living.
 
 
 15
 The IJ also acknowledged Tobias' community ties and length of residence in the United States. The IJ did not abuse her discretion in declining to find that these factors, considered together with Tobias' other claims, were insufficient to constitute extreme hardship.
 
 
 16
 The IJ adequately considered the relevant aspects of Tobias' situation, and found that in the aggregate, they did not amount to the extremity of hardship that justifies "the extraordinary relief authorized in section 244(a)(1) of the Act." Matter of Anderson, 16 I & N Dec. at 598. The IJ did not abuse her discretion in denying Tobias' application for suspension of deportation; nor did the Board abuse its discretion in adopting and affirming the IJ's order. Therefore, the petition for review is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 That section, which was renumbered as section 241(a)(1)(B), codified at 8 U.S.C. § 1251(a)(1)(B), by the Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 5081 (1990), authorizes the deportation of any alien who "is in the United States in violation of this chapter or in violation of any other law of the United States." 8 U.S.C. § 1251(a)(2)