91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus TORRES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70006.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Torres, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision denying his application for suspension of deportation pursuant to 8 U.S.C. § 1254(a). Torres contends the BIA erred by affirming the immigration judge's finding that deportation would not result in extreme hardship to him and his three- and six-year-old sons. We deny the petition for review.
 
 
 3
 Eligibility for suspension of deportation requires a showing of extreme hardship. 8 U.S.C. § 1254(a)(1). "[E]conomic detriment, without more, does not amount to extreme hardship." Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1211 (9th Cir.1983). If the petitioner demonstrates severe economic detriment, however, then the BIA must consider any "personal hardships that flow from the economic detriment." Id.; accord Tukhowinich v. INS, 64 F.3d 460, 463-64 (9th Cir.1995); Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981) ("Deprivation of the means to live is far more than an 'economic' loss.").
 
 
 4
 Torres argues that his hearing testimony established his inability to earn enough to support his sons in Mexico. He contends the BIA's summary decision shows it failed to consider his testimony that despite his construction skills he probably would earn only $5.00 per day in Mexico, and that his brothers sometimes relied on money he sent from the United States.
 
 
 5
 The immigration judge concluded that Torres's job skills would enable him to support his children as well or better than his brothers support their families in Mexico. Torres testified that his brothers were "not necessarily" able to support their families "because there are times it's because of the money I send my mother. They live or because of my mother and they help each other." We find no abuse of discretion in the finding that this degree of difficulty did not amount to severe economic detriment. See Ramirez-Gonzalez, 695 F.2d at 1211; see also Alaelua v. INS, 45 F.3d 1379, 1381 (9th Cir.1995) (BIA's decision must show that it properly considered all relevant factors).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3